J-S03035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LONNIE DAY, JR. | |
| Appellant | No. 1372 EDA 2015 |

Appeal from the PCRA Order April 14, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1223441-1981

BEFORE:  FORD ELLIOTT, P.J.E., OTT, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED JANUARY 22, 2016**

Lonnie Day, Jr. ("Appellant"), appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

The PCRA court summarized the procedural posture of this matter as follows:

> On April 29, 1982, following a jury trial, [Appellant] was found guilty of second-degree murder, criminal conspiracy, and possession of an instrument of crime.  On July 27, 1983, the [trial court] sentenced [Appellant] to life imprisonment on the second-degree murder charge.  On August 16, 1985, the Superior Court upheld the judgment of sentence and [Appellant] subsequently did not file a [p]etition for [a]llowance of [a]ppeal with the Supreme Court of Pennsylvania.
>
> On July 24, 1986, [Appellant] filed his first petition for post-conviction relief.  On May 7, 1988, [Appellant's] petition was denied following a hearing.  On December 28, 1988, the Superior Court upheld the denial of [Appellant's] petition.  On March 7, 2008, [Appellant] filed a second petition for post-

conviction relief. On October 18, 2010, [Appellant's] petition was dismissed as untimely by [the PCRA court]. On June 24, 2011, the Superior Court upheld the dismissal of [Appellant's] petition. On July 20, 2011, [Appellant] filed a [p]etition for [a]llowance of [a]ppeal with the Supreme Court. On December 5, 2011, the Supreme Court denied [Appellant's] [p]etition for [a]llowance of [a]ppeal.

On April 22, 2013, [Appellant] filed his third, and instant, petition for post-conviction relief. In his *pro se* petition, [Appellant] raised the after-discovered evidence exception to the time-bar based upon the opinion in *United States v. Greene*, a Fourth Circuit case decided on January 3, 2013, in which that [c]ourt detailed recent studies that showed the effect that stress, weapons focus, and race can have on the reliability of eyewitness identification. *See United States v. Greene*, 704 F.3d 298 (4th Cir. 2013). On January 2, 2014, [the PCRA court] appointed PCRA counsel. On May 3, 2014, [PCRA counsel] filed a *Finley*[1] Letter stating that [Appellant's] petition was untimely and the issues raised therein were without merit.

On June 10, 2014, [Appellant] filed an amended petition *pro se*, raising a second claim based upon the retroactive application of a constitutional right. In this petition, [Appellant] argued that the United States Supreme Court's holding in *Miller v. Alabama*, in which the Court held that mandatory sentences of life without the possibility of parole for a juvenile was cruel and unusual punishment, and *Alleyne v. United States*, in which the Court held that any fact which increased the mandatory minimum of a sentence was an element of the crime and had to be submitted to the jury, should be applied retroactively to his case. *See Miller v. Alabama*, __ U.S. ___, 132 S.Ct. 2455 (2012); *[s]ee also Alleyne v. United States*, __ U.S. ___, 133 S.Ct. 2151 (2013). [Appellant] argued that these two cases, taken together, meant that the jury in his case should have been required to find that he was not a juvenile before he was sentenced to life imprisonment on the second-degree murder charge. On July 10, 2014, [PCRA counsel] filed a

---

[1] *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super.1988) (*en banc*).

reply to [Appellant's] amended PCRA petition, arguing that the issues raised in the petition were untimely and without merit.

On August 11, 2014, [the PCRA c]ourt sent [Appellant] a notice pursuant to [Pa.R.Crim.P.] 907, indicating that his petition would be dismissed because PCRA counsel had determined that the issues raised therein were without merit and because the petition was untimely. On August 29, 2014, [Appellant] filed a response to the 907 notice, again raising the argument found in his amended *pro se* petition. On September 13, 2014, [PCRA counsel] filed a reply to [Appellant's] response to the 907 notice. On October 16, 2014, after independent review of [Appellant's] *pro se* petition with amendments, PCRA counsel's **Finley** letter, [Appellant's] reply to the 907 notice, and counsel's reply to [Appellant's] response to the 907 notice, [the PCRA c]ourt dismissed [Appellant's] petition for post-conviction relief based upon counsel's Finley letter and untimeliness.

On October 22, 2014, [Appellant] filed another amended PCRA petition, again raising the **Miller** and **Alleyne** issues found in his first amended petition. On December 29, 2014, [Appellant] filed a petition for reconsideration. On April 14, 2015, [the PCRA c]ourt dismissed [Appellant's] second petition as untimely and without merit and denied his petition for reconsideration. On April 24, 2015, [Appellant] appealed the dismissal of his PCRA petitions to the Superior Court.

PCRA Court Pa.R.A.P. 1925(a) Opinion, filed May 29, 2015 ("1925(a) Opinion"), pp. 1-3 (footnote omitted).

Appellant raises the following claims for our review:

1. Does not the recent decision of the United States Supreme Court in <u>Alleyne v. United States</u>, 133 S.Ct. 2151, 2156, 2164 (2013), which held that any fact that increases the mandatory minimum sentence for a crime is an element that must be submitted to the jury and found beyond a reasonable doubt ?

2. By relying upon the recent interpretation of the relevant law for the first time which made it clear that Appellant's conduct was not within the scope of the Constitutional construction of statutes under Section 1 Pa.C.S.A. § 1925, does not the Pennsylvania Superior Court in <u>Commonwealth v. Newman</u>, 99 A.3d 86, 2014 WL 4088805 (Pa. Super. 2014) (en banc),

constitute the application of both newly-discovered facts exception and the rights asserted is a constitutional right that was recognized by the Supreme Court of the United States within the meaning of the Pennsylvania Post-Conviction Relief Act, exceptions to the time constraints under that Act, 42 Pa.C.S.A. § 9545(b)(1)(ii)(iii)(2) ？ Of course, our Supreme Court is currently considering whether <u>Alleyne</u> claims are non-waivable legality of sentence issues. <u>Commonwealth v. Johnson</u>, 93 A.2d 806 (Pa. 2014). Reading decisions from this Court that have ruled that mandatory minimum sentencing statutes that violate <u>Alleyne</u> are both unconstitutional and non-severable in combination with precedent establishing that <u>Alleyne</u>-styled claims are legality of sentence questions.

3. By applying retroactively its holdings in <u>Alleyne v. United States</u>, 133 S.Ct. 2151, 2156, 2164 (2013), and <u>Commonwealth v. Newman</u>, 99 A.3d 86, 2014 WL 4088805 (Pa. Super. 2014) (en banc), does not the Pennsylvania Supreme Court in <u>Commonwealth v. Cunningham</u>, No. 38 EAP 2012, decided October 30, 2013, Slip. Op. at 13-14, invite litigates to argue for a broader retroactively analysis under Pennsylvania law, presenting arguments that the new rule is resonate with Pennsylvania norms and that "good grounds" exist to apply the rule retroactively on collateral review ？

4. Does not Alleyne and Newman's decisions resonate with Pennsylvania norms ？

5. Does not Good grounds exist to apply the Alleyne and Newman's decisions retroactively ？

6. Does not the Court have jurisdiction to review these claims under Pennsylvania constitutional guarantee of habeas corpus ？

7. Does not the creation of two classes of defendant offenders violates the Pennsylvania Constitution ？

8. Does not the sentencing disproportionality violates both the United State and Pennsylvania Constitution ？

Appellant's Brief, pp. 2-3 (verbatim).

In reviewing an order denying PCRA relief, our well-settled standard of review is "to determine whether the determination of the PCRA court is

- 4 -

supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-192 (Pa.Super.2013) (internal quotations and citations omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Genece E. Brinkley, we conclude Appellant's issues merit no relief. The PCRA court opinion comprehensively discusses and properly disposes of the questions presented. ***See*** 1925(a) Opinion, pp. 6-7 (finding: (1) Appellant's petition patently untimely; (2) judicial opinions do not constitute newly-discovered evidence for PCRA time-bar exception purposes; (3) even if a judicial opinion could constitute newly-discovered evidence, Appellant did not file his petition within 60 days of ***Greene***, ***supra***; (4) neither ***Miller***, ***supra***, nor ***Alleyne***, ***supra***, have been held by the Supreme Court of the United States or the Supreme Court of Pennsylvania to apply retroactively; and (5) even if ***Alleyne*** and ***Miller*** applied retroactively, they do not apply to Appellant, who was a not a minor, but instead 31 years old at the time of his crimes. Accordingly, we affirm on the basis of the PCRA court's opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/22/2016

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH : CP-51-CR-1223441-1981

FILED

MAY 2 9 2015
:
Criminal Appeals Unit
First Judicial District of PA

vs.

LONNIE DAY : SUPERIOR COURT
1372 EDA 2015

BRINKLEY, J. MAY 29, 2015

## OPINION

Defendant Lonnie Day filed a third petition for relief pursuant to the Post Conviction

Relief Act (PCRA), 42 Pa.C.S.A. § 9541 *et seq.* (eff. Jan. 16, 1996), raising claims based upon

after-discovered evidence and retroactive constitutional rights. After independent review of

Defendant's *pro se* PCRA petition, PCRA counsel's no merit/Finley letter, Defendant's response

to the 907 notice, and PCRA counsel's reply to Defendant's response to the 907 notice, this

Court dismissed Defendant's petition without a hearing as being untimely and without merit.

Defendant appealed this dismissal to the Superior Court. The sole issue addressed in this

Opinion is whether this Court properly dismissed Defendant's PCRA petition. This Court's

decision should be affirmed.

## PROCEDURAL HISTORY AND FACTS

On April 29, 1982, following a jury trial, Defendant was found guilty of second-degree

murder, criminal conspiracy, and possession of an instrument of crime. On July 27, 1983, the

Honorable Judge Berel Caesar sentenced Defendant to life imprisonment on the second-degree

1

murder charge. On August 16, 1985, the Superior Court upheld the judgment of sentence and Defendant subsequently did not file a Petition for Allowance of Appeal with the Supreme Court of Pennsylvania.

On July 24, 1986, Defendant filed his first petition for post-conviction relief. On May 7, 1988, Defendant's petition was denied following a hearing. On December 28, 1988, the Superior Court upheld the denial of Defendant's petition. On March 7, 2008, Defendant filed a second petition for post-conviction relief. On October 18, 2010, Defendant's petition was dismissed as untimely by the Honorable Judge Sheila Woods-Skipper. On June 24, 2011, the Superior Court upheld the dismissal of Defendant's petition. On July 20, 2011, Defendant filed a Petition for Allowance of Appeal with the Supreme Court. On December 5, 2011, the Supreme Court denied Defendant's Petition for Allowance of Appeal.

On April 22, 2013, Defendant filed his third, and instant, petition for post-conviction relief. In his *pro se* petition, Defendant raised the after-discovered evidence exception to the time-bar based upon the opinion in United States v. Greene, a Fourth Circuit case decided on January 3, 2013, in which that Court detailed recent studies that showed the effect that stress, weapons focus, and race can have on the reliability of eyewitness identification. *See* United States v. Greene, 704 F.3d 298 (4th Cir. 2013). On January 2, 2014, Mitchell Scott Struttin, Esquire, was appointed PCRA counsel. On May 3, 2014, Mr. Struttin filed a Finley Letter stating that Defendant's petition was untimely and the issues raised therein were without merit.

On June 10, 2014, Defendant filed an amended petition *pro se*, raising a second claim based upon the retroactive application of a constitutional right. In this petition, Defendant argued that the United States Supreme Court's holding in Miller v. Alabama, in which the Court held that mandatory sentences of life without the possibility of parole for a juvenile was cruel and

2

unusual punishment, and <u>Alleyne v. United States</u>, in which the Court held that any fact which increased the mandatory minimum of a sentence was an element of the crime and had to be submitted to the jury, should be applied retroactively to his case. *See* <u>Miller v. Alabama</u>, ___ U.S. ___, 132 S.Ct. 2455 (2012); *See also* <u>Alleyne v. United States</u>, ___ U.S. ___, 133 S.Ct. 2151 (2013). Defendant argued that these two cases, taken together, meant that the jury in his case should have been required to find that he was not a juvenile before he was sentenced to life imprisonment on the second-degree murder charge. On July 10, 2014, Mr. Struttin filed a reply to Defendant's amended PCRA petition, arguing that the issues raised in the petition were untimely and without merit.

On August 11, 2014, this Court[1] sent Defendant a notice pursuant to Rule 907, indicating that his petition would be dismissed because PCRA counsel had determined that the issues raised therein were without merit and because the petition was untimely. On August 29, 2014, Defendant filed a response to the 907 notice, again raising the argument found in his amended *pro se* petition. On September 13, 2014, Mr. Struttin filed a reply to Defendant's response to the 907 notice. On October 16, 2014, after independent review of Defendant's *pro se* petition with amendments, PCRA counsel's Finley letter, Defendant's reply to the 907 notice, and counsel's reply to Defendant's response to the 907 notice, this Court dismissed Defendant's petition for post-conviction relief based upon counsel's Finley letter and untimeliness.

On October 22, 2014, Defendant filed another amended PCRA petition, again raising the <u>Miller</u> and <u>Alleyne</u> issues found in his first amended petition. On December 29, 2014, Defendant filed a petition for reconsideration. On April 14, 2015, this Court dismissed Defendant's second petition as untimely and without merit and denied his petition for reconsideration. On April 24, 2015, Defendant appealed the dismissal of his PCRA petitions to the Superior Court.

---

[1] On May 20, 2014, Defendant's PCRA petition was reassigned to this Court.

3

I.     WHETHER THIS COURT PROPERLY DISMISSED DEFENDANT'S PETITION AS BEING UNTIMELY AND WITHOUT MERIT.

## DISCUSSION

I.     THIS COURT PROPERLY DISMISSED DEFENDANT'S PETITION AS UNTIMELY AND WITHOUT MERIT.

This Court properly dismissed Defendant's PCRA petition as untimely and without merit. When reviewing the denial of PCRA relief, the appellate court's standard of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error. Commonwealth v. Edmiston, 619 Pa. 549, 65 A.3d 339, 345 (2013) (citing Commonwealth v. Breakiron, 566 Pa. 323, 781 A.2d 94, 97 n. 4 (2001)). It is well-settled in Pennsylvania that all petitions under the PCRA, including subsequent petitions, must be filed within one year of the date the judgment becomes final, unless the petition alleges, and the petitioner proves, an exception to the one-year time period. Commonwealth v. Albrecht, 606 Pa. 64, 994 A.2d 1091, 1094 (2010) (citing Commonwealth v. Hawkins, 598 Pa. 85, 953 A.2d 1248, 1252 (2008)). The exceptions apply where the petition successfully alleges and proves one or more of the following:

(i)     the failure to raise this claim previously was the result of interference by government officials with presentation of the claim in violation of the Constitution of laws of this Commonwealth or the Constitution or laws of the United States;

(ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)     the right asserted is a constitutional right that was recognized by the Supreme Court of the United States of the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A § 9545(b)(1)(i)-(iii). A petition invoking one of these exceptions must be filed within 60 days of the date the claim could first have been presented. 42 Pa. C.S.A. § 9545(b)(2).

The petitioner must plead and prove specific facts that demonstrate his claim was raised within the 60 day time frame. Commonwealth v. Hernandez, 79 A.3d 649, 651-52 (2013).

The PCRA's timeliness requirements are jurisdictional in nature. Commonwealth v. Johnston, 2012 PA Super 67, 42 A.3d 1120, 1130 (2012) (citing Commonwealth v. Abu-Jamal, 596 Pa. 219, 941 A.2d 1263, 1267-68 (2008)). The time "limitations are mandatory and are interpreted literally; thus, a court has no authority to extend filing periods except as statute permits." Commonwealth v. Seskey, 2014 PA Super 27, 86 A.3d 237, 242 (2014) (quoting Commonwealth v. Fahy, 558 Pa. 313, 737 A.2d 214, 223 (1999)). "If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." Id. (quoting Commonwealth v. Jackson, 30 A.3d 516, 518-19 (Pa. Super. 2011); Commonwealth v. Perrin, 947 A.2d 1284, 1285 (2008)).

To obtain relief based on after-discovered evidence, the defendant must demonstrate that the evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted. Commonwealth v. Pagan, 597 Pa. 69, 950 A.2d 270, 292 (2008) (citing Commonwealth v. Randolph, 582 Pa. 576, 873 A.2d 1277, 1283 (2005)). The test is conjunctive; the defendant must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted. Commonwealth v. Padillas, 2010 PA Super 108, 997 A.2d 356, 363 (2010) (citing Commonwealth v. Rivera, 939 A.2d 255, 259 (Pa. Super. 2007)). The focus of the after-discovered evidence exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

5

Commonwealth v. Marshall, 596 Pa. 587, 947 A.2d 714, 720 (2008) (citing Commonwealth v. Johnson, 580 Pa. 594, 863 A.2d 423, 427 (2004)). A judicial opinion does not constitute after-discovered evidence for the purposes of the time-bar. Commonwealth v. Watts, 611 Pa. 80, 23 A.3d 980, 986-87 (2011).

In Alleyne v. United States, the United States Supreme Court held that any facts leading to an increase in a mandatory minimum sentence are elements of the crime and must be presented to a jury and proven beyond a reasonable doubt. Commonwealth v. Valentine, 2014 PA Super 220, 101 A.3d 801, 809 (2014) (citing Alleyne, 133 S. Ct. at 2155). In Miller v. Alabama, the Supreme Court announced that mandatory life-without-parole sentences, as applied to those under the age of eighteen, offend the Eighth Amendment by preventing sentencing authorities from considering juveniles' "diminished culpability and heightened capacity for change." Commonwealth v. Cunningham, 622 Pa. 543, 81 A.3d 1, 3 (2013) (quoting Miller, 132 S.Ct. at 2469). Neither the holdings of Miller nor Alleyne apply retroactively to final judgments in Pennsylvania. Cunningham, 81 A.3d at 10-11; Commonwealth v. Miller, 2014 PA Super 214, 102 A.3d 988, 995 (2014).

In the case at bar, Defendant's judgment of sentence became final on September 16, 1985, when his opportunity to file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court expired. Defendant thus had until September 16, 1986 to file a timely petition for post-conviction relief. Defendant filed the instant petition on April 22, 2013, more than 26 years after the date to file a timely petition had passed. To avoid the time-bar, Defendant alleged the after-discovered evidence exception and the retroactive application of a constitutional right exception. However, Defendant's arguments are without merit and neither exception applies to his petition.

6

Defendant alleged the after-discovered evidence exception based on a Fourth Circuit Court of Appeals case in which the Court held that factors such as stress, weapons focus and race can affect the reliability of eyewitness identification. However, a judicial opinion, especially one from another jurisdiction, does not constitute after-discovered evidence to escape the time-bar. Furthermore, even if the opinion did constitute after-discovered evidence, Defendant did not file the instant petition within 60 days of the date from when the opinion was published and the claim could have been presented nor did Defendant demonstrate that the information would likely result in a different verdict if a new trial were granted, as Defendant did not make any allegation that any eyewitness identification at his trial was influenced by any of the factors discussed in Greene.

Defendant further alleged the retroactive application of a constitutional right exception based upon the Supreme Court's holdings in Miller and Alleyne. However, neither Miller nor Alleyne apply retroactively to final judgments in Pennsylvania and therefore do not qualify for the exception to the time-bar. Even if both of those holdings applied retroactively, Defendant would still not be entitled to relief based on the retroactive application of a constitutional right exception. Defendant, who was 31 years old at the time of the murder, was not a minor at the time of the crime nor was his age an element of the crime which led to an increase in a mandatory minimum sentence and therefore needed to be submitted to the jury. Thus, even if they were to apply retroactively, the holdings of Miller and Alleyne do not encompass Defendant. As Defendant's instant PCRA petition was filed more than 26 years after the PCRA's jurisdictional time-bar, and Defendant failed to prove any exception to the time-bar, this Court properly dismissed his petition as untimely and without merit.

7

## CONCLUSION

After review of the applicable case law, testimony and statutes, this Court committed no error. Defendant's PCRA petition, with amendments, was properly dismissed as being untimely and without merit. Accordingly, this Court's decision should be affirmed.

BY THE COURT:

_____
J.

8